IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEREK SIMMONS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:17-cv-00463-L |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendants, | § | **JURY DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEREK SIMMONS, ("Plaintiff"), complaining of HOME DEPOT U.S.A.,

INC. (hereinafter "HOME DEPOT") and for cause of action and would respectfully show the Court

as follows:

## I.
## PARTIES

1.     Plaintiff DEREK SIMMONS is an individual who resides in Dallas County, Texas;

and therefore, he is a citizen of the State of Texas.

2.     Defendant HOME DEPOT U.S.A., INC. is a business duly authorized by the State of

Texas. Defendant has made a general appearance in this case.

## II.
## JURISDICTION, VENUE, AND PROCEDURAL BACKGROUND

3.      Plaintiff filed his original petition in Dallas County to recover for injuries Plaintiff sustained

as a result of Defendant's negligence. The case, cause number DC-16-13464, was assigned to the

44th Judicial District of Dallas County, Texas. Defendant Home Depot filed its answer and special

exceptions on February 2, 2017. The same day, on February 2, 2017, Defendant filed its Notice of

Removal, asserting jurisdiction pursuant to 28 U.S.C. § 1332 and venue pursuant to 28 U.S.C. §

1446(a).

## III.
## FACTUAL BACKGROUND

4.      On or about April 19, 2016, the Plaintiff was a business invitee at The HOME DEPOT INC.,

Store #528 located at 1515 Central Expressway in McKinney, Texas. After Plaintiff purchased

lumber, he went to exit the store with a cart of lumber. The pedestrian exit pathway outside the exit

doors for the lumber department was blocked with vehicles loading/unloading. Plaintiff had to

maneuver through the vehicles with his cart of lumber. Then, a HOME DEPOT employee, driving a

HOME DEPOT truck, sped through the parking lot loading area almost hitting the Plaintiff.  As the

truck was speeding towards the Plaintiff, he pulled his load of lumber out of the way to prevent an

accident. Although Plaintiff successfully avoided being struck by the vehicle and prevented a

collision between the Plaintiff's cart of lumber and the speeding vehicle, Plaintiff's back was injured

in the process.

PLAINTIFF'S FIRST AMENDED COMPLAINT
PAGE 2

## IV.
## <u>NEGLIGENCE</u>

5.      Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 4

above:

6.      The Defendant was under a duty of care to DEREK SIMMONS.

7.      The Defendant breached its duty of care in one or more of the following respects:

    a.   In failing to exercise ordinary care to avoid a foreseeable risk of injury to others;

    b.   In failing to take affirmative action to control or avoid increasing the danger from a condition that has been at least partially created by Defendant's conduct;

    c.   In failing to ensure that he operated his vehicle in safe manner; and

    d.   The Defendant's employee is guilty of violating section 545.351 which states: "**An operator may not drive at a speed greater than is reasonable and prudent under the existing circumstance ... An operator shall control the speed of the vehicle as necessary to avoid colliding with another vehicle...**"

## V.
## <u>PREMISES LIABILITY</u>

8.      Defendant, Home Depot, is the owner and possessor of the premises, Home Depot

Store #55, located at 1515 Central Expressway in McKinney, Texas. Defendant Home Depot was in

complete control of the premises at the time of the incident made the basis of this litigation.

9.      At the time Plaintiff entered the premises, he was a business invitee to whom

Defendant owed a duty to exercise ordinary care, including the duty to discover any unreasonably

dangerous conditions existing on the premises and the duty to warn the Plaintiff of the existence of

such dangerous conditions.

10.     Defendant either knew, or in the exercise of ordinary care should have known, that the

exits pathways for the lumber department were not kept clear of vehicles so as to allow customers to

safely exit the store. The Defendant allowed the customer exits to be unreasonably dangerous by allowing the exit area to be blocked from the outside with vehicles, and by allowing parking lot traffic to flow—and to stop/load—directly outside the exit. Defendant either knew, or should have known, that this would pose an unreasonable risk to Plaintiff.

11.     Defendant failed to take reasonable steps to warn Plaintiff that the exit doors and pathway were blocked with vehicles and that moving traffic was permitted in the pedestrian exit pathway. Defendant failed to place warning signs to prevent customers from exiting through the doors that were blocked on the outside. Defendant failed to place warning signs directing customers to exit through other store exits. Defendant failed to warn customers that moving traffic was permitted in the pedestrian exit path outside the door.

12.     Alternatively, even if Plaintiff was aware of the unreasonably dangerous condition, Defendant had a duty to make its premises safe because (1) it was necessary for Plaintiff to use the unreasonably dangerous premises and (b) Defendant should have anticipated that Plaintiff was unable to avoid the unreasonable risks.

13.     Defendant failed to place barriers to prevent vehicles from parking and loading/unloading outside the exit doors like other stores do.

14.     Defendant's failure to warn and/or make safe proximately caused the injuries and damages suffered by Plaintiff as further detailed below.

15.     The severe and permanent injuries and damages that DEREK SIMMONS sustained as a result of the incident in question proximately resulted due to the negligence Defendant as enumerated above.

16.     All of the above acts, wrongs and/or omissions, as well as various other acts, wrongs,

and/or omissions on the part of the Defendant amounted to negligence and was the proximate cause(s) of the resulting damages sustained by Plaintiff.

## VI.
## <u>DAMAGES OF PLAINTIFF</u>

17.     The incident described above and the ensuing damages and personal injuries sustained by the Plaintiff was proximately caused by various acts, wrongs, and/or omissions on the part of the Defendant and each and all of said acts, wrongs, and/or omissions amounted to negligence on the part of the above-named Defendant. As a direct and proximate result of the wrongful conduct of Defendant, as alleged herein, Plaintiff demands compensation for the following damages:

18.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

19.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future; Physical pain and suffering and mental anguish in the past; Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future; Physical impairment; Physical disfigurement; Loss of household services;

20.     By reason of all of the above, Plaintiff has suffered losses and damages in a sum above the minimum jurisdictional limits of the Court.

## VII.
## <u>PLAINTIFF'S DAMAGES - RULE 47</u>

21.     Plaintiff refers to all the preceding and subsequent pleadings in this petition and incorporates them herein by this reference for all purposes.

a.      Plaintiff alleges that the damages sought by Plaintiff are above the minimum jurisdictional limits of the Court. Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury.

b.      Therefore, Plaintiff seeks judgment for all other relief to which Plaintiff may be entitled.

c.      As a direct and proximate result of the wrongful conduct of Defendants, as alleged herein, Plaintiff has sustained medical injuries, including past and future pain and suffering, past and future lost wages, and economic damages..

**X.**
**PRESERVATION OF EVIDENCE & DOCUMENTS TO BE USED**

22.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause.  Moreover, Defendant is put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, e-mails from the store from the corporate office, and/or any communication whatsoever related this incident.

**XI.**
**PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to answer and appear herein, and upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at

the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at

law or in equity.

Respectfully submitted,

**The LIDJI Firm**

*/s/ I. Scott Lidji*
I. Scott Lidji
Texas Bar No. 24000336
scott@thelidjifirm.com
Mary Jo R. Betzen
State Bar No. 24089054
maryjo@thelidjifirm.com
2608 Hibernia, First Floor
Dallas, Texas 75204
(214) 753-4786 (Tel)
(214) 753-4751 (Fax)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of May, 2017, a copy of the foregoing was forwarded via facsimile to counsel of record for Plaintiff.

TO:     **VIA FAX: (469) 519-2555**
        Mr. Arthur K. Smith
        Law Offices of Arthur K. Smith
        507 Prestige Circle
        Allen, Texas 75002
        *Attorney for Defendant*

*/s/ I. Scott Lidji*
I. Scott Lidji

PLAINTIFF'S FIRST AMENDED COMPLAINT
PAGE 7